OFFICE OF DISCIPLINARY COUNSEL *v.* YORK.

[Cite as Disciplinary Counsel *v.* York (1991), 57 Ohio St. 3d 608.]

(No. D.D. 85-13—Submitted January 9, 1991—Decided January 16, 1991.)

*Samuel Petkovich*, for respondent.

This cause came on for further consideration upon respondent Robert L. York's petition for reinstatement. In accordance with Gov. Bar R. V, respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline of the Supreme Court for action. The board of commissioners filed its final report in this court on November 2, 1990, recommending that the petition for reinstatement of Robert L. York be granted on conditions. No objections were filed to said final report.

The court coming now to consider its order of October 9, 1985, indefinitely suspending respondent, Robert L. York, from the practice of law pursuant to Gov. Bar R. V(6)(b) (now Gov. Bar R. V[7][b]) finds that respondent has complied with that order and with the provisions of Gov. Bar R. V(25) through (28). On consideration thereof, and the final report of the board of commissioners,

IT IS ORDERED by the court that the petition for reinstatement of Robert L. York be, and hereby is, granted, and that Robert L. York is reinstated to the practice of law in the state of Ohio subject to the following conditions: That, *prior to his reinstatement,* respondent make up the complete continuing legal education hours that he would have been required to take had he not been under suspension; that, immediately upon reinstatement, respondent establish a client trust account as required by the Ohio Supreme Court and certify to the Clerk of the court that such account has been established; that respondent obtain, at his expense, audits of his trust account for the next two full calendar years (1991 and 1992); that the audits be performed by an independent certified public accountant and be accompanied by a report from the accountant that all funds in such trust account were received and disbursed for the fiduciary purposes intended; and that upon receipt of such audits, respondent file them with the Clerk of the Ohio Supreme Court not later than one hundred twenty days after the end of each calendar year.

IT IS FURTHER ORDERED by the court that respondent be taxed the costs of these proceedings in the amount of $511.15 less the deposit of $500, for a balance of $11.15, which costs shall be payable to this court on or before February 15, 1991, by certified check or money order.

IT IS FURTHER ORDERED that respondent comply with the registration requirements of Gov. Bar R. VI.

(For earlier case, see [1985], 19 Ohio St. 3d 150, 19 OBR 372, 483 N.E. 2d 1179.)

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.